UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY SCHOOL DISTRICT and
THE BOARD OF EDUCATION OF
THE TROY SCHOOL DISTRICT,

     CASE NO. 12-CV-15413

  Plaintiffs,

     HON. DENISE PAGE HOOD

v.

K.M., JANICE M. and WARREN M.,

  Defendants.
_____/

**ORDER DENYING PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER**

**I. BACKGROUND**

This matter is before the Court on Plaintiffs/Counter-Defendants Troy School District and the Board of Education of the Troy School District's ("Plaintiffs") Motion for Temporary Restraining Order **[Docket No. 70, filed January 13, 2015]**. Defendants K.M., Janice M., and Warren M. filed a Response to Plaintiffs' Motion **[Docket No. 72, filed January 14, 2015]**.

A hearing on the Motion for Preliminary Injunction filed by Plaintiffs **[Docket No. 67, filed December 19, 2014]** is scheduled for February 4, 2015, at 3 p.m. Defendant student K.M. has been excluded from Troy Athens High School since December 5, 2014. On January 13, 2015, State Administrative Law Judge (ALJ)

Kandra Robbins issued a decision that stated Defendant Troy School District violated the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA") and ordered that Plaintiffs permit Defendant K.M. to return to Athens High School. Plaintiffs seek to have the Court issue a temporary restraining order prohibiting Defendant student K.M. from returning to Athens High School, and to have him receive alternative educational placement until the Court rules on the Preliminary Motion. Defendant K.M.'s disruptive and dangerous behavior was determined to be a manifestation of his disability. The incident that resulted in Defendant K.M.'s suspension involved an incident where his safe person was not present as required Individualized Education Program (IEP).

ALJ Robbins is schedule to hold a hearing on Plaintiffs' complaint seeking to remove K.M. from continuing to receive his educational services at Athens High School on January 15, 2015, and is expected to issue a decision on January 30, 2015.

## II. ANALYSIS

Rule 65(b) of the Federal Rules of Civil Procedures provides the Court with authority to issue a temporary restraining order. Fed.R.Civ.P. 65(b) is clear that the possibly drastic consequences of a restraining order mandate careful consideration by a trial court faced with such a request. 1966 Advisory Committee

Note to 65(b). Before a court may issue a temporary restraining order, it should be assured that the movant has produced compelling evidence of irreparable and imminent injury and that the movant has exhausted reasonable efforts to give the adverse party notice. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971); *Sniadach v. Family Finance Corp.*, 339 U.S. 337 91969); 11 Wright & Miller, Federal Practice and Procedure § 2951, at 504-06 (1973). Other factors such as the likelihood of success on the merits, the harm to the non-moving party and the public interest may also be considered. 11 Wright & Miller at § 2951, at 507-08.

"Unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child" during review proceedings initiated under 20 U.S.C.A. § 1415. 20 U.S.C.A. § 1415(j) (hereinafter "stay-put provision"); *Honig v. Doe*, 484 U.S. 305, 323, 108 S. Ct. 592, 604, 98 L. Ed. 2d 686 (1988). In *Honig v. Doe*, a school district requested that the Court read a "dangerousness" exception into the stay-put provision, and the Court refused to do so. *Id.* The presumption requiring the child to be maintained in his "current educational placement... can [be] overcome only by showing that maintaining the child in his or her current placement is substantially likely to result in injury either to himself or herself, or to others." *Id.* at 328.

In the case before us, the facts do not indicate that Defendant K.M. is substantially likely to injure himself or others if the IEP is followed.  The incident that resulted in Defendant K.M.'s most recent suspension occurred in the absence of a safe person required by the IEP and no serious injuries were recorded.  A hearing on the Motion for Preliminary Injunction filed by Plaintiffs is scheduled for February 4, 2015, and the Motion addresses Defendant K.M.'s behavioral issues.   There is no irreparable and imminent injury that Plaintiffs will suffer if Defendant K.M. returns to school at Troy High School, and therefore, this Court denies Plaintiffs' Motion for a Temporary Restraining Order.

Accordingly,

IT IS ORDERED that Plaintiffs' Motion for Temporary Restraining Order **[Docket No. 70, filed January 13, 2015]** is DENIED.

s/Denise Page Hood<br>United States District Judge

Dated:  January 16, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 16, 2015, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>Case Manager

4