UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**TROY SCHOOL DISTRICT and**
**THE BOARD OF EDUCATION OF**
**THE TROY SCHOOL DISTRICT,**

       CASE NO. 12-CV-15413

   Plaintiffs/Counter-Defendants,

       HON. DENISE PAGE HOOD

**v.**

**K.M., JANICE M. and WARREN M.,**

   Defendants/Counter-Plaintiffs.

_____/

**ORDER ACCEPTING THE MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANTS/COUNTER-PLAINTIFFS'**
**MOTION FOR ATTORNEY FEES AND REIMBURSEMENT**
**AND**
**CLOSING ACTION**

**I.   BACKGROUND/STANDARD OF REVIEW**

On March 31, 2015, the Court entered an Order Denying the District's Motion for Judgment on the Administrative Record and dismissing the District's Complaint. **(Doc. No. 83)** The Parents' Amended Counterclaim sought attorney fees and reimbursement of certain costs incurred, the only remaining claim in this matter.

This matter is before the Court on Magistrate Judge Mona K. Majzoub's Report and Recommendation filed December 30, 2015 **(Doc. No. 93)** on Defendants/Counter-Plaintiffs K.M., Janice M. and Warren M.'s (collectively, "the Parents'") Motion for

Attorney Fees and Reimbursement **(Doc. No. 86)**. Defendants Troy School District and The Board of Education of the Troy School District (collectively, "the District") filed Objections to the Report and Recommendation. **(Doc. No. 94)** The Parents filed a response to the District's Objections. **(Doc. No. 95)** The District filed a reply to the response. **(Doc. No. 96)**

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636. This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(B)(1)(c). The Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*. In order to preserve the right to appeal the Magistrate Judge's recommendation, a party must file Objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

After review of the Magistrate Judge's Report and Recommendation, the Objections filed to the Report and Recommendation, the response and reply briefs, the

Court finds that the Magistrate Judge's findings and conclusions are correct and accepted as this Court's findings of fact and conclusions of law. Initially, the Court agrees with the Magistrate Judge that the Parents are the prevailing party, as acknowledged by the District. The Court also agrees with the Magistrate Judge that the hourly rate requested by the Parents' counsel of $200 per hour for work at the state administrative level and $225 per hours for work at the federal court level are reasonable. As to the hours expended by the Parents' counsel, the Court further agrees with the Magistrate Judge that the time spent preparing for and representing the Parents at an 11-day due process hearing at the state administrative level and preparing briefs and arguments before this Court are reasonable.

Three specific objections to the Report and Recommendation were raised by the District: 1) The award should be reduced based on the District's settlement offer to the Parents; 2) The Parents are not entitled to pre-judgment interest; and, 3) The Parents are not entitled to an interim attorney fee award. Each are addressed below.

## II. OBJECTIONS

### A. Reduction Based on Settlement Offer

The District's first objection to the Magistrate Judge's recommendation is that the $150,148.96 in attorney fees to be awarded should be reduced by 70%. The District argues that on May 24, 2012, it proposed a settlement offer to the Parents.

The District further argues that with no substantial justification the offer was rejected by the Parents. The District claims that the Parents initiated the litigation at the state administrative level despite the fact that much of the relief sought and obtained by the Parents was previously offered by the District. The District asserts that the only major difference between the District's and the Parents' May 2012 offers of settlement was K.M.'s placement.

The Parents argue that once their counter-offer of settlement was rejected, there was no indication by the District that it was willing to enter into a partial settlement. The Parents claim that the District's proposed settlement was a "take it" or "leave it" offer. Specifically, the Parents claim that the District made it clear that acceptance of the Edison Max placement and a waiver of all attorney fee claims were non-negotiable provisions of the District's settlement offer. The Parents assert that the Magistrate Judge aptly identified the fatal flaw of the District's argument that the District cannot now rely on a non-existent partial settlement offer to argue that the Parents unreasonably protracted the litigation. Had the District made such an offer to the Parents' counter-offer, the Parents argue the compensatory education claims may have been resolved and the case could have proceeded to the due process hearing on the placement issue only.

As noted by the Magistrate Judge, the District's May 24, 2012 settlement offer

to the Parents proposed: 1) 300 hours of compensatory education; 2) reimbursement for evaluations and services obtained for K.M. "not to exceed $10,000"; 3) one-on-one instruction and social work services for the remainder of the 2011-12 school year; 4) placement at Edison Max beginning with the 2012-13 school year; and 5) no reimbursement for attorney fees. On May 25, 2012, the Parents rejected the District's settlement offer and counter-offered a settlement that included the first three provisions regarding 300 hours of compensatory education, $10,000 reimbursement for evaluations and services and the one-on-one instruction for the 2011-12 school year. The Parents' counter-offer added the following provisions: 1) K.M. would be placed at a District high school or a middle school other than Boulan for the 2012-13 school year, rather than Edison Max; 2) START training for the District staff; 3) assurances that K.M.'s June 8, 2011 Individualized Education Program ("IEP") and Positive Behavior Support Plan ("PBSP") would be properly implemented; 4) extended school year services; and 5) $10,500 as reimbursement for attorney fees and costs. The District declined the Parents' counter-offer and there were no further offers of settlement prior to the commencement of the due process hearing.

      The Court overrules the District's objection on this issue. After the 11-day due process hearing at the state administrative level, the hearing officer found in favor of the Parents. The Court agrees with the Magistrate Judge's finding that the results

achieved by the Parents at the state administrative level by the Administrative Law Judge ("ALJ") "were excellent in that Defendants prevailed on every issue at the administrative level." **(Doc. No. 93, Pg ID 8339)** The Magistrate Judge further noted that the Parents obtained more favorable results when the ALJ ruled that K.M. should be placed at Troy Athens High School, rather than Edison Max. **(Doc. No. 93, Pg ID 8337)** The Court further agrees with the Magistrate Judge that the primary issue before the ALJ and this Court was that K.M. not be placed in Edison Max. **(Doc. No. 93, Pg ID 8339)** As this Court found, "inclusion in general education would greatly benefit K.M." and that "the benefit of inclusion in general education far outweighs the benefit of being in a more restrictive setting, such as Edison." **(Doc. No. 83, Pg ID 8059)** The Parents' initial rejection of the District's settlement offer prior to the administrative hearing, which included the non-negotiable placement at Edison and no attorney fee reimbursement, was substantially justified.

Had the District accepted the provisions agreed to by both parties prior to the due process hearing before the ALJ, the testimony presented before the ALJ and the ALJ's review of the issues would have been significantly shorter that what occurred at the administrative level. Although it was within its right to do so, it is noted that the District brought the issue before this Court to further litigate matter. The District, prior to bringing the instant suit and throughout the litigation process before this

6

Court, could have resolved the issues already agreed to by the Parents. Since it was the District who rejected the Parents' counteroffer in full, rather than accepting the agreed-to provisions in the counteroffer, the District cannot now argue that it was the Parents who protracted the litigation by raising all the issues before the ALJ. The Court accepts the Magistrate Judge's findings and conclusions as to this issue.

### B. Pre-Judgment Interest

The District's second objection is that the Magistrate Judge erred in recommending an award for pre-judgment interest since the Magistrate Judge failed to make a finding that the award of pre-judgment interest furthers the congressional purposes underlying the obligations imposed by the statute. The District also argues that because it is a public body representing the interests of the citizens of the District, it is not in the public interest to award pre-judgment interest.

The Parents respond that the Magistrate Judge appropriately recommended the award of pre-judgment interest to the Parents as of the October 12, 2012 date when the Parents requested reimbursement for attorney fees. The Parents argue that pre-judgment interest should be awarded since the District violated their rights under federal law.

The award or denial of prejudgment interest is within the sound discretion of the trial judge. *United States v. City of Warren, Michigan*, 138 F.3d 1083, 1096 (6th

Cir. 1998). "Awards of prejudgment interest are compensatory, not punitive, and a finding of wrongdoing by the defendant is not a prerequisite to such an award." *E.E.O.C. v. Kentucky State Police Dep't.* 80 F.3d 1086, 1097 (6th Cir. 1996)(internal quotation omitted). Prejudgment interest is an element of a successful litigant's compensation. *Osternick v. Ernst & Whinney,* 489 U.S. 169, 175 (1989). In deciding if and how much prejudgment interest should be granted, a district court must examine matters encompassed within the merits of the underlying action, including other fundamental considerations of fairness. *Id.* at 176. Courts have awarded prejudgment interest to prevailing parties against governmental entities and officials. *See, West Virginia v. United States,* 479 U.S. 305 (1987); *Pucci v. Somers,* 834 F. Supp. 2d 690 (E.D. Mich. 2011). Courts have also awarded prejudgment interest to parents and students who filed suits under the Individuals with Disabilities Education Act ("IDEA"). *See, Termine v. William S. Hart Union High School Dist.,* 288 F. App'x 360, 363 (9th Cir. Jul. 28, 2008); *Kaseman v. District of Columbia,* 329 F. Supp. 2d 20, 28 (D.D.C. 2004); *Holbrook v. District of Columbia*, 305 F. Supp. 2d 41, 46 (D.D.C. 2004); *Brianna O. v. Bd. of Educ. of the City of Chicago, Dist. 299*, 2010 WL 4628749, *13 (N.D. Ill. Nov. 8, 2010).

The Court agrees with the Magistrate Judge that the Parents are entitled to prejudgment interest from October 12, 2012 when the Parents requested

reimbursement for attorney fees incurred. The congressional purpose of the IDEA is to give children with disabilities a free appropriate public education ("FAPE") designed to meet their unique needs. *Deal v. Hamilton County Bd. of Educ.,* 392 F.3d 840, 853 (6th Cir. 2004). The IDEA preference is to include a disabled student in a general education setting. *Roncker v. Walter,* 700 F.2d 1058, 1063 (6th Cir. 1983). The IDEA provides for attorney fees to a prevailing parent. 20 U.S.C. § 1415(I).

The Court finds that the underlying purpose of the IDEA obligated the District to provide the appropriate free education to K.M. and to include K.M. in a general education setting. Although the District asserts it made its decisions based on the safety and educational interests of the entire community, as found by the ALJ, the evidence did not support the District's position. The District's argument that it should not be liable to prejudgment interest because of its status as a public body is without merit, in light of the cases cited above awarding prejudgment interest against public and governmental entities. A prejudgment interest award as applied to the instant case furthers the congressional purposes of the District's obligations under the IDEA to place the student at a general education setting and to resolve the matter in the student's best interest. The District's objections to the Magistrate Judge's recommendation as to prejudgment interest are overruled. Pre-judgment interest is awarded to the Parents as of the October 12, 2012 until the date of the Judgment at the

rate set forth in 28 U.S.C. § 1961(a).

### C.  Interim Attorney Fees

The District objects to the Magistrate Judge's recommendation to award interim attorney fees claiming that the Magistrate Judge made no finding that the protracted litigation caused substantial hardship to the Parents. The Parents respond that the Magistrate Judge did find that a delay in the fee award until the entire litigation is concluded results in a substantial hardship to the Parents. The Parents also assert that the Magistrate Judge properly concluded that it is not uncommon for courts to award fees while a matter is pending before a final judgment.

The Court agrees with the Magistrate Judge's recommendation to award interim attorney fees. The District indicated it will appeal this matter, which will further prolong this litigation. The only argument raised by the District in response to the Parents' request for interim attorney fees was that the delay in the fee award does not cause substantial hardship to the Parents because they did not request attorney fees until the conclusion of the proceedings before the District Court. **(Doc. No. 88, Pg ID 8299 n. 1)** The District argues that the Parents have indicated that they have the requisite resources to continue aggressively litigating this matter. The Parents respond that their limited financial resources have been devoted to this litigation, which otherwise could have been spent on the needs of their family. The Parents argue that

it is the District who has incentive to continue litigation to avoid payment of the attorney fees.

It is noted that the District does not cite to the record to support its argument that the Parents have the resources to continue with this litigation. It is also noted that it was the District who initiated this matter for this Court to review the ALJ's decision. The Court finds the Magistrate Judge was correct in finding that the Parents requested reimbursement of attorney fees and costs in the amount of $70,000 after the administrative hearing was concluded in October 2012, which as noted above, was lengthy. The Court further agrees with the Magistrate Judge that delay in the attorney fee awards discourage potential claimants from enforcing their rights under the IDEA. The Court also agrees with the Magistrate Judge that the post-judgment interest begins to accrue on the date of the Judgment filed with this Order.

It is noted that the District raises new arguments as to the interim fee award and post-judgment interest rate issues in its Objections which were not raised in its response found in footnote 1 to the Parents' arguments. Issues raised for the first time in objections to a magistrate judge's report and recommendation are deemed waived and will not be considered absent compelling reasons. *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *see also, United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)(citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

11

The Court finds no compelling reasons exist to address the District's new arguments raised for the first time in its Objections. In any event, the parties have indicated to the Court that the only issue remaining is the attorney fees issue. The Court so finds based on the parties' representations to the Court.

### D. Additional Fees

The Parents submitted additional fees for responding to the District's Objections to the Magistrate Judge's Report and Recommendation. **(Doc. No. 95)** The Parents' counsel spent 8.95 hours to review, prepare and file their response, at the rate of $225 per hour, for total amount of $2,013.75 (8.95 x 225). The Court finds the hours spent and the amount of fees reasonable and the Court so awards $2,013.75 in additional attorney fees.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Report and Recommendation **(Doc. No. 93)** is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law, except for the findings noted above.

IT IS FURTHER ORDERED that Plaintiffs/Counter-Defendants' Objections to the Report and Recommendation **(Doc. No. 94)** are OVERRULED.

IT IS FURTHER ORDERED that Defendants/Counter-Plaintiffs' Motion for

Attorney Fees and Reimbursement (**Doc. No. 86**) is GRANTED.

IT IS FURTHER ORDERED that Defendants/Counter-Plaintiffs are entitled to an award as follows:

| | |
|---|---|
| 1) Attorney Fees: | $ 150,148.96 |
| 2) Occupational Therapy Evaluation and 5 Psychological Examinations: | $ 979.63 |
| 3) Additional Attorney Fees: | $ 2,013.75 |
| | $ 153,142.34 |

4) The Prejudgment Interest from October 12, 2012 to date of Judgment on $70,000 (to be determined)
5) And any Post-Judgment Interest from the date of Judgment (to be determined)

IT IS FURTHER ORDERED that a Judgment will be entered in favor of the Amended Counterclaim filed by the Defendants/Counter-Plaintiffs. The Court, having previously dismissed Plaintiffs/Counter-Defendants' Complaint, will enter a Judgment against the Plaintiffs/Counter-Defendants. All matters are now resolved before the Court and this case is designated CLOSED on the Court's docket.

s/Denise Page Hood
DENISE PAGE HOOD
Chief Judge, U.S. District Court

DATED: March 28, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2016, by electronic and/or ordinary mail.

                                                  s/LaShawn R. Saulsberry
                                                  Case Manager